UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONOR FERREIRO,

      Plaintiff,

v.                                Case No: 8:16-cv-1307-T-36AAS

SIMPLY RIGHT, INC.,

      Defendant.

_____/

## ORDER

Before the Court is Defendant's Motion to Vacate Clerk's Default and Permit Defendant to Answer Complaint (Doc. 14).  To date, no response has been filed, and the deadline for filing a timely response has passed.  Accordingly, the Court will treat the Motion as unopposed.[1]

The Complaint in this action was filed on May 25, 2016.  (Doc. 1).  On June 17, 2016, the Clerk entered a default against Defendant.  (Doc. 10).   On June 27, 2016, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. 13) and, the following day, filed the instant Motion seeking to have the Entry of Default set aside (Doc. 14).

It is well within the District Court's discretion to set aside entry of a default.  *See, e.g., Singh v. Hopkins Meat Packing, Inc.,* No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *1 (M.D. Fla. Nov. 13, 2008).  Courts look unfavorably upon defaults and default judgments "because of the strong policy of determining cases on their merits." *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984); *see also Clay County Port, Inc. v. MIV*

---

[1] Pursuant to M.D. Fla. Local Rule 3.01(g), Defendant's counsel certifies that he conferred, prior to filing this motion, with all parties or non-parties who may be affected by the relief sought in a good faith effort to resolve the issues to be raised in this motion.  Counsel for the Plaintiff never responded and, instead, filed a motion for entry of a final judgment (Doc. 11) without communicating further.  (Doc. 14, p. 11).

*Endeavor, Her Engines, Tackle, Apparel,* No. 3:07-cv-828-J-33HTS, 2007 WL 4163391, at *2 (M.D. Fla. Nov. 20, 2007) ("This Court is duty bound to reach the merits of cases such as the present one when possible.").

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." *See, e.g., EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990). The Eleventh Circuit has held that the "good cause" standard under Rule 55(c) is a "liberal one." *See, e.g., Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). Even where there is uncertainty as to whether "good cause" exists, courts generally set aside the default so that the case may be decided on its merits. *See Singh,* No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *2.

To set aside an entry of default, district courts consider whether: (1) there was excusable neglect; (2) the defaulting party responded promptly after notice of the entry of the default; (3) setting aside the default will not cause prejudice to the opposing party; and (4) the defaulting party has a meritorious defense. *See, e.g., Lee v. Golden Fortune Int'l,* No. 6:08-cv-1394-Orl-22DAB, 2009 WL 36452, at *2 (M.D. Fla. Jan. 6, 2009) (noting that "the standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment" ).

Here, as amply laid out in Defendant's Motion, Defendant's request to set aside the Clerk's entry of default is supported by good cause. (Doc. 14, pp. 1-5). Specifically, failing to timely respond to the Complaint in this matter was an administrative oversight due to miscommunications by management and clerical staff of Defendant. (*Id.*). Defendant has filed its Answer and Affirmative Defenses in conjunction with this Motion. (Doc. 13). Such a short delay did not and could not cause Plaintiff any prejudice. In addition, Defendant's Answer and Affirmative

Defenses appears to present a meritorious defense at this stage in the litigation. Therefore, Plaintiff's request to set aside the entry of default is supported by good cause and the well-established public policy in favor of deciding cases on the merits. *See BP Prods. N. Am. Inc. v. Super Stop #70I , Inc.,* No. 08-61301-CIV, 2009 WL 2852780, at *2 (S.D. Fla. Sept. 1, 2009) (setting aside default where delay was only 21 days, and finding good faith although the delay was within the control of defendants); *Singh,* No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *3 (setting aside default where the plaintiff was not prejudiced by a three business day delay and the defendant claimed to have documents to refute plaintiff s claim for relief); *Mendoza v. S. Heritage Constr. Corp.,* No. 6:08-cv-1-Orl-28GJK, 2008 WL 2944913, at * 1 (M.D. Fla. July 29, 2008) (finding good cause and setting aside entry of default where defendant misplaced the complaint).

Accordingly, after due consideration, it is **ORDERED:**

1. Defendant's Motion to Set Aside Clerk's Default (Doc. 14) is **GRANTED.**

2. The Clerk is directed to set aside the Entry of Default (Doc. 10) previously entered in this case on June 17, 2016.

3. Defendant Bank of America Corporation's Answer and Affirmative Defenses (Doc. 13) is properly filed and shall remain on the Docket.

**DONE and ORDERED** in Tampa, Florida on this 22nd day of July, 2016.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge